IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE HARRIS Jr., | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 25-cv-683-SMY |
| WARDEN, | ) ) ) |
| Respondent. | ) ) |

# ORDER

**YANDLE, District Judge:**

Petitioner Dwayne Harris, presently an inmate of the Federal Bureau of Prisons and incarcerated at FCI Greenville, filed this *habeas* action pursuant to 28 U.S.C. § 2241. On October 18, 2021, Harris was sentenced in the Eastern District of Missouri. *See United States v. Harris*, 21-CR-00022-SNLJ-ACL. He now seeks to challenge the BOP's failure to consider his placement in a halfway house (Doc. 1).

This matter is now before the Court for preliminary review of the Petition. Rule 4 of the Federal Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the rules to other habeas corpus cases, including the instant case.

The request to change a federal prisoner's level of custody can be challenged in a Section 2241 petition. *See Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). However, before a court can consider such a claim, the petitioner must exhaust administrative remedies. *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). The Bureau of Prisons has created an Administrative Remedy

Program which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. §542.10(a).

Harris acknowledges he did not appeal the decision denying his request for halfway house placement (Doc. 1, pp. 2–5). Because Harris has failed to comply with the procedures of the Administrative Remedy Program, he has failed to exhaust his administrative remedies. Accordingly, Harris' Petition is **DISMISSED** for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to enter judgment accordingly and **CLOSE** this case.

**IT IS SO ORDERED.**

**DATED:** June 3, 2025

**STACI M. YANDLE**
**United States District Judge**